Atkinson, J.,
delivered the opinion of the court:
This case is one of a class known as “ back paj1- and bounty cases ” which comes to the court by a resolution of the United States Senate referring Senate bill 9501, Sixtieth Congress, second session, for investigation and determination of facts under the fourteenth section of the act of March 3,1887 (25 Stats., 505), commonly known as the “Tucker Act.” Said bill is set out in full in claimant’s petition, with the exception that only claimant’s name appears therein when in fact a large number of other like beneficiaries are also named.
The claimant was, he alleges, commissioned by the governor of the State of Illinois October 24, 1864, as first lieutenant of Company I, Fifty-second Illinois Volunteer Infantry. At the date of his said commission and for some time prior thereto he had been first sergeant of his company and was enrolled and paid as such by the War Department up to the date that he was mustered in as first lieutenant, viz, December 17 of said year, and he now petitions Congress to allow him the difference in pay of a first sergeant and that of first lieutenant from the date of his commission *67 to the day be was mustered in as a commissioned officer, said difference of pay and allowances being $55.40.
These so-called “minimum-pay” cases are based upon claims made by men who were appointed or commissioned by the governors of various States during the late Civil War as Volunteer Army officers, pay being demanded by them from the date of their respective appointments or commissions, while the War Department decides that their pay should not begin until they were regularly mustered into the Volunteer Army by an officer of that department duly authorized to perform such service, after the organizations had reached the minimum enrollments required by law and the Army Regulations. The rate of pay claimed in each case is based upon the grade of the officer from the date of his appointment or commission without reference to the date of his muster into the Volunteer service. '
Evidence in the case was introduced tending to prove actual service as first lieutenant during the time for which pay is claimed, and the court is asked to make findings to that effect.
The act of February 24, 1897 (29 Stats., 598), makes provision for the pay of this class of officers, but limits it to such as can come within some of its provisions. The claimant made application for payment under that law and was refused upon the decision of the War Department that he did not come within the provisions above mentioned; hence the introduction of the bill quoted and its reference to this court.
The act of Congress of April 19, 1910 (36 Stats., 312, 324), provides as follows:
“ Hereafter in administering the act of Congress approved February twenty-fourth, eighteen hundred and ninety-seven, entitled ‘An act to provide for the relief of certain officers and enlisted men of the Volunteer forces,’ the decision of the War Department as to the right of any person to be held and considered to have been mustered into the service of the United States under the provisions of said act shall be conclusive, and no claims shall be allowed or considered under said act after the first day of January, nineteen hundred and eleven.”
*68 It will thus be seen that in terms which can not be misconstrued the decision of the War Department is made final in this class of cases, and this court is without jurisdiction to find to the contrary, no matter what the character and weight of the evidence presented may be.
It follows from the foregoing that the decision of the War Department in this case and all other like cases must be regarded as final and conclusive.
It is ordered that a copy of this opinion be certified to the Congress.